```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS

CHIMA NELSON UGOCHUKWU,          )
                                 )
       Petitioner                )
                                 )
   v.                            )     Civil Action No.
                                 )     04cv10864-RWZ
IMMIGRATION AND NATURALIZATION   )
SERVICE,                         )
       Respondent                )
```

### RESPONDENT'S RETURN AND MEMORANDUM
### OF LAW IN SUPPORT OF MOTION TO DISMISS

**SUMMARY STATEMENT OF CASE**

Respondent[1] moves to dismiss this action pursuant to Fed. R. Civ. P. rules 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief may be granted.

Petitioner's final administrative order of removal was entered October 28, 2003, by the Board of Immigration Appeals ("BIA") and petitioner's judicial challenge of the order was required to have been filed at the First Circuit Court of Appeals within 30 days of that date. 8 U.S.C. §§ 1252(b)(1), (2). Petitioner, however, failed to file for such review.

Petitioner, through counsel, then filed on January 9, 2004, a motion to reopen at the BIA. By decision dated March 29, 2004, the BIA denied the motion to reopen. See Attachment B,

---

[1] The responsive official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Field Office Director for Detention

1

Decision of the Board of Immigration Appeals, dated March 29, 2004. Again, petitioner had a window of 30 days within which to petition for judicial review of the BIA's denial of his motion to reopen, but petitioner failed again to pursue the statutorily prescribed avenue for review at the First Circuit Court of Appeals.

Because petitioner abandoned his statutorily prescribed avenue for judicial review of his removal order, habeas corpus review is unavailable to him, and the case should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

## FACTS AND CASE BACKGROUND

Petitioner is a native and citizen of Nigeria who attempted entry to the United States on February 12, 2000, at Los Angeles International Airport by presenting false identification documents and attempting to impersonate another.

At the time of his interception attempting unlawful entry, petitioner asserted a fear of persecution in Nigeria, and so his case was ultimately referred to the Immigration Judge for consideration of any claims for relief. Petitioner through counsel applied for asylum and other reliefs from removal, but they were denied by the Immigration Judge on February 15, 2002, and petitioner was ordered removed from the United States to Nigeria as an inadmissible alien under 8 U.S.C. §§

---

and Removal, Bureau of Immigration and Customs Enforcement

2

1182(a)(6)(C)(I) and 1182(a)(7)(A)(i)(I), viz., as an alien seeking to enter the United States by fraud or willful misrepresentation, and as an alien seeking admission to the United States without required documents, respectively.

Petitioner through counsel[2] appealed the removal order to the Board of Immigration Appeals ("BIA"), and by decision dated October 28, 2003, the BIA dismissed the appeal. See Attachment A, Decision of the Board of Immigration Appeals, dated October 28, 2003. Petitioner did not seek the statutorily prescribed judicial review of that removal order at the First Circuit Court of Appeals within 30 days of the removal order as required by 8 U.S.C. §§ 1252(b)(1), (2).

Petitioner through counsel then filed a motion to reopen his removal order at the BIA, but the BIA denied that motion to reopen by decision dated March 29, 2004. See Attachment B, Decision of the Board of Immigration Appeals, dated March 29, 2004.[3] Petitioner again failed to seek the statutorily prescribed judicial review of that order at the First Circuit Court of Appeals as required by 8 U.S.C. §§ 1252(b)(1), (2).

---

("ICE") in Boston, Massachusetts.
[2] Attorney Mark Cooper, Boston, Massachusetts; see Attachment A.
[3] The denied motion to reopen was filed by attorney Mark Cooper. As the BIA' March 29, 2004, motion to reopen denial indicates, present counsel for petitioner, attorney John Himmelstein, apparently attempted to file yet another motion to reopen at the BIA, but that motion was barred for being in excess of the number of motions allowed, and attorney Himmelstein did not file the necessary notice of appearance with the BIA. Id., p.1 n.1.

3

Petitioner nonetheless filed the instant petition for habeas corpus on April 30, 2004, which, as amended, purports to be "appealing a decision by the United States Immigration Court and affirmed by the Board of Immigration Appeals ordering the removal of the petitioner". Petitioner's Addendum To Petition Previously Filed, p.1.

Petitioner is not in respondent's custody, and he has been granted an administrative stay of removal by the Immigration and Customs Enforcement ("ICE") Field Office Director Bruce Chadbourne, until September 9, 2004.

**ARGUMENT**

I. HABEAS CORPUS REVIEW OF PETITIONER'S REMOVAL ORDER IS BARRED FOR FAILURE TO EXHAUST STATUTORILY PRESCRIBED JUDICIAL REVIEW.

Because petitioner has failed to pursue the statutorily prescribed avenue for judicial review of his BIA removal order, habeas review is barred. Foroglou v. INS, 241 F.3d 111, 115 (1st Cir. 2001) (where an alien "has had full access to this [circuit] court for direct review of orders leading to his deportation . . . . under these circumstances, it is hard to view the habeas petition to the district court as anything other than an attempt, contrary to section 242(g) [8 U.S.C. § 1252(g)], to prevent the Attorney General from 'execut[ing][a] removal order[ ].'"); Arloo v. Ashcroft, 238 F.Supp.2d 381, 383 (D. Mass. 2003) (Ponsor, D.J.), ("habeas review is proper only when there is 'no other way' to present a legal challenge to a deportation order", citing

4

Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001), and "[t]his [Foroglou] holding was not affected by the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001)").[4] Cf. Seale v. INS, 323 F.3d 150, 154 (1st Cir. 2003) ("[g]iven the strong arguments on both sides, it is by no means a clear call whether the district court possesses jurisdiction here.").

Moreover, it has been held that failure to pursue and exhaust available review operates as a waiver of habeas review. Mattis v. Reno, et al., 212 F.3d 31, 41 (1st Cir. 2000) ("[t]raditional rules regarding exhaustion and waiver [which] govern on direct review of BIA final orders . . . . [also] hold on habeas review, which we have suggested is less broad than direct review."); Groccia v. Reno, et al., 234 F.3d 758, 762 (1st Cir. 2000) ("Conventional forfeiture rules pertain in habeas cases."). See also Laing v. Ashcroft, --- F.3d --- (9th Cir. 2004)(2004 WL 1238961, *1)(Ninth Circuit requiring "'as a prudential matter, that habeas petitioners exhaust available judicial ... remedies before seeking relief under § 2241.'"(citing Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001)); cf. Theodoropoulos v. INS, --- F.3d --- (2d Cir. 2004) (2004 WL 49118, *7) ("we hold that, by its plain language, § 1252(d)'s mandate that unless a petitioner 'has exhausted all administrative remedies available,' a 'court may [not] review a

---

[4] Petitioner was not ordered removed upon any criminal basis that might otherwise bar circuit court jurisdiction. See generally 8

5

final order of removal,' []8 U.S.C. § 1252(d), applies to all forms of review including habeas corpus.").

By failing to pursue the statutorily prescribed and available statutory judicial review provided by Congress for review of his removal order, petitioner is now disentitled from habeas corpus review of his October 28, 2003, BIA removal order, and the BIA's March 29, 2004, motion to reopen denial. Accordingly, the case should be dismissed for lack of subject matter jurisdiction.

II. EVEN IF HABEAS REVIEW IS AVAILABLE, PETITIONER'S CLAIMS ARE MERITLESS.

At any rate, even assuming habeas review were not barred in this case, petitioner's claims on petition fail to state any claim upon which relief may be granted and the case should be dismissed for that reason.

Habeas corpus review of removal orders, where it exists, exists only for pure issues of law, not to substitute the district court as a fact finder for the Congressionally prescribed administrative process. See Goncalves v. Reno, et al., 144 F.3d 110, 125 (1st Cir. 1998) ("[o]ur holding is narrow and nothing we say should be taken to suggest that such [28 U.S.C. § 2241] review as is available on habeas is necessarily as broad as the traditional administrative review available under old § 106."); Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002)

---

U.S.C. § 1252(a)(2)(C)(no circuit court jurisdiction to review criminally based removal orders, inter alia).

("[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated.").

Petitioner's assertions of persecution in Nigeria -- which have already been carefully considered in evidentiary proceedings before the Immigration Judge and on administrative de novo review at the BIA -- have been determined to be meritless.  Attachment A, Decision of the Board of Immigration Appeals, dated October 28, 2003.  Petitioner's conclusory claim on petition is that "the lower courts erred in not granting political asylum to the petitioner", Petitioner's Motion for Habeas Corpus, etc., p.1.  However, this bare assertion entirely fails to state *any* articulation of the basis for the claim of error, and the petition therefore fails to state any "colorable claims of legal error" within the scope of habeas corpus review. Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002). Cf. Lopez v. Ashcroft, 267 F.Supp.2d 150, 153 (D. Mass. 2003)(Young, C.J.)(Court holding that where a "fact-intensive review" of a legal determination "demands an extensive factual inquiry", that therefore "the Court does not possess habeas jurisdiction in th[e] case.").

In sum, habeas review is unavailable to review the BIA's October 28, 2003, removal order or its March 29, 2004, motion to reopen denial because petitioner has abandoned his statutorily

7

prescribed avenue of judicial review at the First Circuit Court of Appeals; and even if the Court had jurisdiction, the claims are meritless for failure to state any colorable claim of legal error.

## CONCLUSION

For all the reasons set out above, the Court should dismiss the action, and deny all other relief sought.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
United States Immigration &
Naturalization Service
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415


## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on June 28, 2004.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114