ATTACHMENT A

U.S. Department of tiee D
Executive Office for Immm ion Review  ci of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A77 297 077 - Boston                                        Date:

In re: CHIMA NELSON UGOCHUKWU a.k.a. George D. Patterson II        OCT 2 8 2003

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Mark D. Cooper, Esquire

CHARGE:

   Notice:        Sec.    212(a)(6)(C)(i), I&N Act [8 U.S.C. § 1182(a)(6)(C)(i)] -
                                  Fraud or willful misrepresentation of a material fact

               Sec.    212(a)(7)(A)(i)(I), I&N Act [8 U.S.C. § 1182(a)(7)(A)(i)(I)] -
                                  Immigrant - no valid immigrant visa or entry document

APPLICATION: Asylum; withholding of removal; protection under the Convention Against
                 Torture; voluntary departure

    This is a timely appeal from an Immigration Judge's decision dated February 15, 2002, in which the Immigration Judge found the respondent removable and denied the requested forms of relief. For the following reasons, the appeal will be dismissed.

    The respondent is a native and citizen of Nigeria who testified that he seeks asylum in the United States because if he returns to Nigeria he will be murdered by a cult which murdered his father, a former member of that cult. The Immigration Judge found that the respondent did not establish eligibility for relief. The Immigration Judge noted that he observed the respondent's demeanor and found him less than candid and not worthy of belief (I.J. at 21). The Immigration Judge specifically mentioned the respondent's failure to seek asylum during several years of extensive traveling after the alleged events that caused him to leave Nigeria (I.J. at 21-22). The Immigration Judge also referred to a lack of corroborative evidence (I.J. at 21). Finally, the Immigration Judge mentioned other evidence "contained in the record," but did not cite that evidence (I.J. at 22), and, in the context of voluntary departure, stated that the respondent's attempted use of a United States military identification card would be a significant factor militating against any exercise of discretion (I.J. at 24).

    Although the Immigration Judge made an adverse credibility finding, there was little specific mention of the inconsistencies on which the adverse finding was based. As we stated in Matter of A-S-, 21 I&N Dec. 1106 (BIA 1998), we will defer to an Immigration Judge's adverse credibility finding if the



A77 297 077

inconsistencies relied on are articulated and are present in the record. Due to the Immigration Judge's lack of specific mention of more than one inconsistency, we will use a de novo standard of review in this case. *See Matter of Burbano,* 20 I&N Dec. 872 (BIA 1994).

Upon review, we agree with the Immigration Judge's ultimate conclusion that the respondent did not establish eligibility for relief. Although the respondent submitted specific and general supporting evidence, the respondent points to no details in that evidence which would persuasively support his asserted fear of being murdered in Nigeria by a secretive cult. Further, he points to no portion of the documentary evidence he submitted which mentions the cult in question, called the Ogboni cult, in the context of the violence and ritual murder which he described in his testimony. In light of the respondent's specific claim, the lack of persuasive corroborating evidence is a major negative factor. *See Aguilar-Solis v. INS,* 168 F.3d 565, 570 (1st Cir. 1999) (a reviewing court is not required to "take every applicant's uncontradicted testimony at face value, for testimony sometimes is internally inconsistent or belied by the prevailing circumstances"); *see also Matter of S-M-J,* 21 I&N Dec. 722 (BIA 1997) (discussing general standards for credibility findings and potential requirement for corroboration of testimony). Further, the respondent's attempted use of a United States military identification card, apparently for purposes beyond simply attempting to reach the United States and immediately request asylum, is a strong factor militating against his credibility. Finally, the respondent submitted no convincing evidence that the allegedly ability of the Ogboni cult to harm him exists countrywide in Nigeria or that the government of that country would be unwilling or unable to protect him from the criminal activity he allegedly fears. *See* 8 C.F.R. § 1208.13(b).

For the foregoing reasons, we find that the respondent did not meet the relevant burdens of proof for asylum, withholding of removal, or protection under the Convention Against Torture. Since he has not shown statutory eligibility for voluntary departure, we do not need to reach the issue of whether he would merit such relief as a matter of discretion.

ORDER: The respondent's appeal is dismissed.

_____
FOR THE BOARD