ATTACHMENT B

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

<u>Falls Church, Virginia</u> <u>22041</u>

File:   A77 297 077 - Boston                                      Date:   MAR 2 9 2004

In re: CHIMA NELSON <u>UGOCHUKWU</u> a.k.a. George D. Patterson II

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:    Mark D. Cooper, Esquire

APPLICATION: Reopening; reconsideration

    This case was last before us on October 28, 2003, when we dismissed the respondent's appeal from an Immigration Judge's denial of the respondent's applications for asylum, withholding of removal, relief pursuant to the Convention Against Torture, and voluntary departure. On January 9, 2004, the respondent filed a motion to reopen, contending that he is prima facie eligible for adjustment of status based on his bona fide marriage to a United States citizen. He is also moving for reconsideration of our decision denying his applications for relief by apparently claiming that we erred in failing to find that the Immigration Judge was biased and order a new hearing. We will deny the motions.'

    The respondent married his United States citizen spouse while he was in removal proceedings. A motion to reopen to apply for adjustment of status based on a marriage that occurred during removal proceedings must be supported by clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide. *See Matter of Velarde,* 23 I&N Dec. 253 (BIA 2002). The respondent failed to submit any evidence, other than his marriage certificate, to serve as clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide. In addition, the respondent also failed to submit an Application to Adjust Status (Form 1-485) with his motion, and therefore, the motion does not comport with the regulatory requirement that "[a] motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1). Accordingly, the respondent's motion to reopen to apply for adjustment of status must be denied.

---

' We note that on January 28, 2004, an attorney who is not the respondent's attorney of record purported to submit another motion to reopen on behalf of the respondent. However, such attorney submitted a Notice of Entry of Appearance Before the Immigration Court (Form EOIR-28), not a Notice of Entry of Appearance Before the Board (Form EOIR-27) as is required, the respondent did not sign the Form EOIR-28, and there was no notice or request for a change of counsel submitted by the respondent. We will, therefore, not consider the second motion to reopen filed by such attorney as there is no indication that the respondent intended for such motion to be filed on his behalf. Furthermore, even if the respondent intended such motion to be filed, we could not consider it as it is the second motion to reopen to be filed and is, therefore, barred by the regulations. *See* 8 C.F.R. § 1003.2(c)(2).

A77 297 077

    To the extent that the respondent is requesting that we reconsider our decision because we erred in failing to order a new hearing based on his claims that the Immigration Judge was biased, we note that such motion is untimely. *See* 8 C.F.R. § 1003.2(b)(2). However, even if we were to entertain his motion to reconsider, we note that we considered the respondent's claims of bias when deciding the respondent's appeal and conducted a de novo review of his case. The respondent has failed to specifically explain how we erred. The respondent has also failed to explain why last year's suspension of the Immigration Judge who issued the decision in his case should result in a different decision on our part. Accordingly, the respondent's motion for reconsideration must also be denied.

    ORDER: The respondent's motions are denied.

_____
FOR THE BOARD

2