UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED

2004 AUG -2 P 3: 54

CHIMA NELSON EGOCHUKWU,
   Petitioner

U.S. DISTRICT COURT
DISTRICT OF MASS

IMMIGRATION AND NATURALIZATION  CIVIL ACTION #04CV10864-RWZ
SERVICE,
   Respondent

**PETITIONER'S RESPONSE TO RESPONDENT'S MOTION TO DISMISS**

Respondent has filed a motion to dismiss this action pursuant to lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. We disagree. On October 28, 2003, a final administrative order of removal was instituted against the petitioner by the Board of Immigration Appeals. Pursuant to the applicable law, a petitioner who has received an adverse final administrative order has ninety(90) days to file a Motion to Re-Open his case. That was done in a timely fashion on January 9, 2004.

The petitioner quite properly awaited the decision on the Motion to Re-Open before pursuing further relief. On March 29, 2004, the Motion to Re-Open was denied. Within thirty(30) days, on April 28, 2004, a habeas corpus motion was filed pursuant to 8 U.S.C. Section 1241.

Although the petitioner is not in custody, he has been ordered removed from the United States and has exhausted all of his available remedies within the immigration court. Petitioner has been ordered removed from the United States by a governmental agency and he is "at large" within the territorial confines of the district court. UNITED STATES V. DOLLSSO, 525 F. 2d 673, 676(1st Cir. 1976). His only recourse against federal agents coming into his home and placing him into custody(with the eventuality of being deported) would be some kind of prophylactic decision or order from this court. He is, in effect, "in custody" without being in actual physical custody. OMOSEFUNMI V. ATTORNEY GENERAL OF COMMONWEALTH OF MASSACHUSETTS, 152 F.Supp. 2d 42, 53(D. Mass. 2001). As long as an active removal is in place, the government is, in effect, "actively attempting" to deport petitioner.

The facts of this case, as stated in prior pleadings and coupled with the facts contained herein, give this Court ample justification to reach a determination of having personal jurisdiction.

CHIMA NELSON EGOCHUKWU,
By his attorney,

/s/ JOHN TRIMPLESTEIN
JOHN TRIMPLESTEIN
P.O. BOX 580
124 WASHINGTON STREET
STOUGHTON, MA 02072
(781) 297-9400
BBO# 547975

CERTIFICATE OF SERVICE

I, undersigned counsel hereby certifies that he has served this response on opposing counsel by mailing a copy of same to Assistant United States Attorney Frank Crowley, United States Department of Homeland Security, Immigration and Customs, 125 John F. Kennedy Federal Building, Box 8728, Boston, MA 02114 on July 29, 2004.

/s/ JOHN TRIMPLESTEIN
JOHN TRIMPLESTEIN, ESQ.