UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CHIMA NELSON UGOCHUKWU
Petitioner

VS.
IMMIGRATION AND NATURALIZATION SERVICE
Respondent

FURTHER MEMORANDUM IN SUPPORT OF 2241 PETITION ALREADY FILED
Petitioner is seeking a stay of removal from an administrative order of removal entered by the Board of Immigration Appeals, essentially affirming a decision by the Immigration Court. We respectfully assert that if this case were to remanded to the Immigration and Naturalization Service(hereinafter referred to as INS), there is a more than reasonable likelihood of success exceeding the minimum required standards outlined by Judge Selya in AREVALO V. ASHCROFT, 344 F. 3d 1(1st Cir. 2003). Those standards express a four pronged test that must be satisfied in order for a stay to be allowed. What follows is a discussion of each of the four prongs and how it applies to the instant case.

I. PETITIONER IS LIKELY TO SUCCEED ON THE MERITS OF HIS UNDERLYING OBJECTION
The petitioner is a citizen of Nigeria. He is 30 years old and married to a United States citizen. He has no criminal convictions. He and other members of his family have been subjected to repression and persecution due to political circumstances in Nigeria. He is a textbook example of an individual entitled to asylum in the United States based on the Convention against Torture.
The petitioner fled his native Nigeria, originally going to South Korea before arriving in Los Angeles in February of 2000, his original entry into the United States. He was placed in detention at Los Angeles International Airport, and was freed from custody upon the posting of bond for him by a family member.
His wife is sponsoring him for a green card and, to the best of undersigned counsel's knowledge, that matter has yet to be ruled on. The repression and persecution the petitioner the petitioner has been subjected to stems from the actions of a notorious cult/political organization known as Ogboni. This is a ritualistic organization that heavily influences the educational, legal and political system of Nigeria. The petitioner's father now deceased, was coerced into membership into Ogboni. His father wanted to leave the organization and was murdered, as was the petitioner's mother. The petitioner fled Nigeria because he reasonably believed that he was at risk. The petitioner cannot currently locate either of his two sisters. The last he knew of them, they were in Nigeria. While in Nigeria, the petitioner was arrested on trumped up charges and was physically beaten.
Ogboni has a deplorable history of wantonly abusing the rights of the Nigerian people. Ogboni members will forcibly rape women who do not submit to sexual relationships.

The Attorney General of Nigeria was assassinated and it took two years to even bring charges against the alleged killer.
In addition to his parents being murdered by the Ogboni cult, one of the petitioner's uncles and cousins were murdered by them, as well.
On or about December, 1994, six members of Ogboni's "Criminal Investigation Department" shot their way into the petitioner's house and physically beat the petitioner's father and brother. The petitioner cannot, at present, account for any of his four brothers, all of whom were living in Nigeria at the time he fled.
While in Nigeria, the petitioner was refused the opportunity of fulfilling his dream of serving in the military. Military service affords status and recognition among the Nigerian people. The reason the petitioner was refused the opportunity was his refusal to change his name to a Hausa, the Hausas being a Muslim tribe that is part of the ruling class of Nigeria.
According to the website, asylumlaw.org, "the Ogboni are reputed to threaten its members with death should they break their oath of secrecy regarding its rituals and beliefs. It is still regarded as being a powerful organization throughout Nigeria."
Were it not for the BCIS delay in issuing an approval notice in an obviously approvable case, the petitioner would more likely than not already either be a permanent resident or at least be immediately eligible to become one. He already has a pending green card application.
In addition to the more than reasonable likelihood of success should this case be remanded to INS, under the terms of the Convention against Torture, the INS memorandum of April 27, 1998, and recent decisions of the INS accepting petitions filed pursuant to these protections, compliance with U.S. treaty obligations REQUIRE(emphasis added) that qualifying individuals facing the prospect of severe pain and suffering through the action or acquiescence of government officials, and whose applications for asylum have been rejected and who are subject to a final deportation order, are entitled to automatic withholding of deportation on the filing and acceptance for consideration of a petition under the Convention Against Torture.
II.PETITIONER WILL SUFFER IRREPARABLE HARM ABSENT THE STAY
Clearly, the instant case satisfies this prong. If the stay is not granted, petitioner will be removed from the United States.
III.THIS HARM OUTWEIGHS ANY POTENTIAL HARM FAIRLY ATTRIBUTABLE TO THE GRANTING OF THE STAY
No harm would accrue to our nation if the petitioner stays here but great harm will accrue to him if he is deported.
IV.THAT THE STAY WOULD NOT DISSERVE THE PUBLIC INTEREST
This is a married man with an American wife who is seeking gainful, productive employment. He has no criminal history and there is nothing in his background or character that would suggest he would be anything other than a positively contributing member of society.
We respectfully assert that all four prongs of the standard established in the leading case of AREVALO, supra, have been satisfied and that a stay should be granted with this case remanded to INS.

The petitioner,

CHIMA NELSON UGOCHUKWU
By his attorney,

John Finkelstein
756 Washington Street
Stoughton, MA 02072
(781)297-9400
BBO #547275