# United States Court of Appeals
## For the First Circuit

No. 04-2470

CHIMA NELSON UGOCHUKWU,

Petitioner, Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent, Appellee.

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

JUDGMENT

Entered: March 9, 2006

   Petitioner, Chima Nelson Ugochukwu, a native and citizen of Nigeria, was detained after he presented false identification documents at Los Angeles International Airport and attempted to impersonate another. After rejection of his application for asylum, withholding of removal, voluntary departure, and protection under the Convention Against Torture, petitioner was ordered removed from the United States. While awaiting removal, petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The United States District Court for the District of Massachusetts denied the petition on the ground that it lacked subject-matter jurisdiction. Petitioner appealed that dismissal. He further filed with us motions for stay of removal and release from custody pending appeal, which we now consider.

   Before proceeding to the merits of the motions, we first address the petitioner's failure to appeal directly to this court the BIA's decision. In doing so, petitioner did not meet the requirement in 8 U.S.C. §§ 1252(b)(1) & (2)(1999) that petitions

for review to be filed with us no later than 30 days after the date of the final order of removal. Before the passage of the Real ID Act, this default might have doomed his appeal. See Rivera-Martinez v. Ashcroft, 389 F.3d 207, 208-10 (1st Cir. 2005) (per curiam); see also, Sousa v. INS, 226 F.3d 28, 31 (1st Cir. 2000); Kaweesa v. Ashcroft, 345 F. Supp. 2d 79, 99-100 (D. Mass 2004). The Real ID Act, however, has rendered the requirements of section 1252(b) inapplicable to habeas petitions challenging final orders of removal that were pending in a district court on the date of the enactment. 119 Stat. 231, 310-11 (May 11, 2005). Pursuant to the Real ID Act, we treat the present appeal as a petition for judicial review. See id. at § 106(c); Ishak v. Gonzalez, 422 F.3d 22, 30 (1st Cir. 2005). Accordingly, the path is clear to reach the merits of the motions.[1]

As to his motion for stay of removal, the applicable standard requires petitioner to demonstrate, among other things, that he has a substantial likelihood of success on the merits. See McGuire v. Reilly, 260 F.3d 36, 42 (1st Cir. 2001). Although it is not entirely clear from his petition, we assume that he seeks to appeal both the BIA's affirmance of his order of removal and the BIA's denial of his motions to reopen and for reconsideration, so we will assume for present purposes without deciding that we are reviewing both those decisions.

We begin with the BIA's decision to affirm the final order of removal. Petitioner argues that the BIA erred in concluding that he failed to provide sufficient evidence in support of his claims for asylum and related relief, which were premised on petitioner's assertion that a cult known as the "Ogboni" had murdered members of his family and would endanger him were he to return to Nigeria. After engaging in a de novo review of the record, the BIA concluded that petitioner failed to provide details that would persuasively support his asserted fears of the Ogboni. It further noted that petitioner failed to submit convincing evidence that the danger posed by the Ogboni existed nationwide or that the Nigerian government would be unable to offer him protection. In addition, it concluded that petitioner's credibility was suspect in light of these omissions and the fact that he assumed an identity for purposes apparently beyond merely attempting to enter the United States. Even giving the BIA's adverse credibility findings less than usual deference, see Cordero-Trejo v. INS, 40 F.3d 482, 487 (1st Cir. 1994), our own review of the record leads us to believe that the BIA committed no error in affirming on these grounds.

---

[1] On November 4, 2004, we granted a temporary stay of removal to give petitioner time to address Rivera-Martinez's effect on his petition. Having addressed that issue in this judgment, we lift the temporary stay.

Petitioner fares no better with his appeal of the BIA's denial of his motions to reopen and for reconsideration. Petitioner contends, as he did before the BIA, that he is eligible for an adjustment of status based on his marriage to a United States citizen and that his case should be reconsidered because the IJ was biased. The BIA denied the motion, citing petitioner's failure to provide the required "clear and convincing evidence" of a strong likelihood that the marriage was bona fide, his failure to file an Application to Adjust Status as required by 8 C.F.R. § 1003.2(c)(1), the untimeliness of his bias claim, and his failure to explain how it erred in its de novo review of the record. The BIA acted neither arbitrarily nor capriciously, and we accordingly conclude there was no abuse of discretion. See Wang v. Ashcroft, 367 F.3d 25, 27 (1st Cir. 2004); Maindrond v. Ashcroft, 385 F.3d 98, 100 (1st Cir. 2004).

For the foregoing reasons, we conclude that petitioner is unable to demonstrate that he has a substantial likelihood of success on the merits. Accordingly, we deny his motion to stay removal. Our lifting of the temporary stay and our denial of his stay motion eliminate the remaining impediments to his removal from the United States, and we deny his motion for release from custody pending appeal. So ordered.

By the Court:

Richard Cushing Donovan, Clerk.

By: __JULIE GREGG__
   Operations Manager.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 5/1/06

[cc: John D. Himmelstein, Esq., Frank Crowley, Esq., Neil Cashman, Esq., Jeffrey Mark Cohen, Esq., Nora Livers ]